IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marvin Terrill Green,<br><br>           Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>           Defendant. | No. CV-05-2072-PHX-EHC (JCG)<br><br>**REPORT AND RECOMMENDATION** |

Marvin Terrill Green (Plaintiff), was confined in the Durango Jail in Phoenix, Arizona, when he filed with the Clerk of the Court on July 13, 2005, a *pro se* Civil Rights Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has been authorized to proceed *In Forma Pauperis,* and the Court has directed monthly payments to be made from his prison account.

On February 2, 2006, the Court entered an order directing the Clerk of the Court to mail a service packet to the Plaintiff, due for return to the Court on March 16, 2006  (Doc. No. 3).  The docket indicates that the Clerk of Court mailed the order and service packet accordingly.  On March 1, 2006, the mail was returned to the Clerk of the Court with

---

[1] According to the Court's docket, mail sent to Green on March 1, 2006 was returned because Green had been released from prison.  (Doc. No. 5.)

- 1 -

1  notations indicating "Return to Sender," "Released 8/7/05" (Doc. No. 5).  The docket
2  indicates that the Clerk of the Court researched Plaintiff's address to no avail.  Since then,
3  Plaintiff has failed to file a Notice of Change of Address, or in any way to notify the Court
4  of his whereabouts.

5       Rule 3.4(a) of the Local Rules of Civil Procedure (LRCiv) requires that an
6  incarcerated litigant comply with the instructions attached to the Court-approved Complaint
7  form.  Those instructions state: "You must immediately notify the clerk . . . in writing of any
8  change in your mailing address.  Failure to notify the court of any change in your mailing
9  address may result in the dismissal of your case."  (Information and Instructions for a
10 Prisoner Filing Civil Rights Complaint at 2).

11      Also, in its Notice of Assignment the Court warned Plaintiff that "[f]ailure to comply
12 with the following rules will result in your document being STRUCK and/or your case being
13 DISMISSED" (Doc. No. 2).  One of the rules listed was that "[y]ou must file a Notice of
14 Change of Address if your address changes." (*Id.*).

15      Plaintiff has the general duty to prosecute this case.  *Fidelity Philadelphia Trust Co.*
16 *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the
17 duty of a plaintiff who has filed a *pro se* action to keep the Court appraised of his or her
18 current address, and to comply with the Court's orders in a timely fashion.  This Court does
19 not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears
20 the burden of keeping the court apprised of any changes in his mailing address."  *Carey v.*
21 *King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of
22 his new address constitutes failure to prosecute.

23      In addition, Plaintiff has failed to return a completed service packet, to obtain waiver
24 of service or to complete service of the Summons and Complaint on Defendants in this case.
25 The order that was mailed to Plaintiff along with the service packet notified Plaintiff that
26 failure to comply with every provision of the order would result in dismissal pursuant to Rule
27 41(b) of the Federal Rules of Civil Procedure.  (Doc. No. 3).  The order contained provisions
28 that required Plaintiff to return the service packet within 20 days of the date of filing of the

1  order. Plaintiff was also notified that if he failed to comply with the order, the United States
2  Marshal would not provide service of process. Plaintiff was further notified within the order
3  that he must complete service of the Summons and Complaint on the Defendants within 120
4  days of the filing date of the complaint or within 60 days of the filing of the order, whichever
5  was later. The order notified Plaintiff that failure to comply with either provision would
6  result in dismissal of his case. More than 120 days have passed since Plaintiff filed his
7  complaint, and to date service has not been completed. Plaintiff's failure to complete service
8  of the Summons and Complaint on the Defendants within 120 days of the filing date of the
9  complaint or within 60 days of the filing of the order also constitutes failure to prosecute.

10  A federal district court has the inherent power to dismiss a case *sua sponte* for failure
11  to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962). In appropriate
12  circumstances, the Court may dismiss a complaint for failure to prosecute even without
13  notice or hearing. *Id*. at 633. In determining whether Plaintiff's failure to prosecute warrants
14  dismissal of the case, the Court must weigh the following five factors: "(1) the public's
15  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
16  the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
17  their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439,
18  1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).
19  "The first two of these factors favor the imposition of sanctions in most cases, while the
20  fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice
21  and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir.
22  1990).

23  Here, the first, second, and third factors favor dismissal of this case. Plaintiff's
24  failure to keep the Court informed of his address, actively participate in this case or serve
25  Defendants prevents the case from proceeding in the foreseeable future. The fourth factor,
26  as always, weighs against dismissal. The fifth factor requires the Court to consider whether
27  a less drastic alternative is available.

28  The Court finds that only one less drastic sanction is realistically available. Rule

1  41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
2  merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
3  a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can
4  be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil
5  Procedure.

**RECOMMENDATION**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule 1.17(d)(2), Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge recommends that Plaintiff's Complaint (Doc. No. 1) and this action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-05-2072-PHX-EHC.**

DATED this 27th day of April, 2006.

Jennifer C. Guerin
United States Magistrate Judge